McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON J. CLARK,<br>               Petitioner,<br><br>      v.<br><br>STEVEN LAKE, Warden,<br>               Respondent. | CASE NO.  1:18-CV-01084-SKO (HC)<br><br>GOVERNMENT'S MOTION TO DISMISS<br>28 U.S.C. § 2241 PETITION |

Respondent, Steven Lake, Warden, by and through his counsel, McGregor W. Scott, United States Attorney, and Heiko P. Coppola, Assistant United States Attorney, moves to dismiss to Aaron Clark's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**I.     INTRODUCTION**

On August 13, 2018, Petitioner Aaron Clark ("Clark") filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, once again challenging the legality of his sentence. Clark asserts, among other things, that his sentence should be vacated in light of the Supreme Court's holding in *Mathis v. United States*, 136 S.Ct. 2243 (2016) and that he is actually innocent of Count Five, which charged a violation of 18 U.S.C. § 924(c). Clark's claims may not be raised under 28 U.S.C. § 2241 because the escape hatch provision does not apply. *Mathis* is not retroactive and cannot be used as a basis for § 2241 relief. Clark cannot meet the jurisdictional requirements of § 2241, he waived his right to collateral attack in these circumstances in the plea agreement, and attempts to re-litigate other grounds

for relief that have already been denied or are meritless.  Accordingly, Clark's petition should be dismissed under Federal Rule of Civil Procedure 12(b)(1), (6); 28 U.S.C. § 2243 and 28 U.S.C. § 2255(e).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Clark, a Bureau of Prisons (BOP) inmate incarcerated at the Federal Correctional Institution in Atwater, California ("FCI Atwater"), is currently serving a sentence of 202 months.  Clark's sentence was the result of a plea agreement entered under Fed. R. Crim. P. 11(c)(1)(C). *United States v. Clark*, Case No. 8:12-cr-00243 LSC (D. Neb.), ECFs 98, 99, 104, and 107.[1]  Attachments 1, 2.

### A.   Procedural History

On April 16, 2013, a grand jury returned a superseding indictment against Clark alleging seven violations of 21 U.S.C. § 841(a)(1) and (b)(1), and 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c)(1)(B), and 1512(b)(1).  ECF 37.  Attachment 3.  On September 30, 2013, Clark entered a guilty plea to Counts Two and Five of the superseding indictment, which charged him with distribution of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B).  ECF 99.  Attachment 1.  Clark entered his guilty plea under Fed. R. Crim. P. 11(c)(1)(C), which bound the parties, to a sentence of 202 months of imprisonment provided the Court accepted the plea agreement.  ECF 98 at 4.  Attachment 2.  For its part, the government agreed to dismiss the remaining counts of the superseding indictment at sentencing. *Id.* at 1.  As part of the plea agreement, Clark agreed to waive his right to appeal or collaterally attack his conviction or sentence, except in two circumstances:  (1) if the "Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime," and (2) "the right to seek post[-] conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." *Id.*  On January 6, 2014, the Court accepted the plea agreement and sentenced Clark to 202 months of imprisonment (82 months for

---

[1] Unless otherwise indicated, all referenced docket entries (ECF) herein refer to entries in Clark's underlying criminal docket, Case No. 8:12-CR-00243-LSC (D. Neb.).  Attachment 1.

RESPONDENT'S MOTION TO DISMISS            2

Count Two served consecutively to 120 months for Count Five).  ECF 104, 107.  Attachments 1, 2. Defendant did not appeal his guilty plea on the merits.

### B. Clark's Prior 28 U.S.C. § 2255 Petitions

On September 29, 2014, Clark moved to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  ECF 113.  Attachment 4.  The district court denied Clark's first § 2255 motion on the merits. ECF 117.  Attachment 5.  The Eighth Circuit Court of Appeals rejected Clark's petition for authorization to file a successive habeas application. ECF 121, 122.  Attachment 6.

On May 9, 2016, Clark filed a second motion to vacate his sentence under 28 U.S.C. § 2255, challenging his status as a career offender under *Johnson v. United States*, 135 S.Ct. 2551 (2015).  ECF 126.  Attachment 7.  Clark claimed that his "firearm was not in no way used in furtherance of the drug crime," that the "law that i [sic] was sentenced under at the time of my sentencing has changed," and that the "consecutive mandatory minimum sentence of 10 years would now be an absurd application of the law."  *Id.*  Clark's assertion that he had not used the firearm in furtherance of a drug crime was tantamount to an actual innocence claim.  On June 3, 2016, the district court denied Clark's second § 2255 motion, noting that Clark had failed to obtain the required certification from the court of appeals to proceed.  ECF 128, 129.  Attachment 8.  On June 20, Clark filed a "notice of appeal" of the denial, which the district court construed as a request for a certificate of appealability and denied.  ECF 130, 133.  Attachment 9.

On June 29, 2016, Clark filed a third motion under 28 U.S.C. § 2255, again based on the holding of *Johnson v. United States*.  ECF 136, 137.  Attachment 10.  On the same day, the District of Nebraska issued General Order number 2016-07[2] regarding petitions arising under *Johnson*, granting Clark leave to file an amended motion under 28 U.S.C. § 2255 on or before the earlier of thirty days hence or July 25, 2016. ECF 138.  Attachment 11.

On November 4, 2016, the Eighth Circuit denied Clark's petition for authorization to file a successive habeas application in the district court, as well as, Clark's application for a certificate of

---

[2] In a previous stipulation and order seeking a stay, this general order was erroneously described as having been issued by the Eighth Circuit, when in fact it was issued by the United States District Court for the District of Nebraska. ECF 138. Attachment 11.

RESPONDENT'S MOTION TO DISMISS                          3

appealability and dismissed his appeal.  ECF 141, 143.  Attachment 12.

### C.    Clark's First 28 U.S.C. § 2241 Petition

During the pendency of his § 2255 litigation, on June 24, 2016, Clark filed a petition under 28 U.S.C. § 2241.  Eastern District of California Case No. 1:16-cv-00912-JLT, ECF 1 ("EDCA ECF").  In that filing, Clark again challenged his sentence citing *Johnson*.  EDCA ECF 1 at 6 (citing *Johnson* as only case in "Statement of Grounds for Relief"), 15 (requesting relief "on the ground that . . . [*Johnson]* now gives and absurd meaning to" the statutory enhancement under which petitioner claims to have been sentenced), 21–30 (citing *Johnson* on each page).  Clark alleged two grounds for relief: (1) that his enhanced sentence of ten years' consecutive imprisonment for his conviction on 18 U.S.C. § 924(c)(1)(B) was "void as an arbitrary, or an absurd, result" in light of *Johnson*, and (2) that the sentencing court's "application of 'use' of firearm, rather than possession of firearm[,] provides for an enhancement contrary to law."  EDCA ECF 1 at 3.  The magistrate recommended that Clark's petition be dismissed for lack of jurisdiction, concluding that Clark made no claim of factual innocence under the savings clause of § 2255, that Clark had failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims and that *Johnson* did not apply.  EDCA ECF 20 at 4-6.  The district court adopted the magistrate's findings and recommendations in full, and dismissed Clark's § 2241 petition with prejudice.  EDCA ECF 21 at 2.

### D.    Clark's Second 28 U.S.C. § 2241 Petition

Undeterred by repeated judicial denials of arguably the same issues in successive petitions, on August 13, 2018, Clark filed a second § 2241 petition, challenging the application of career offender enhancement, this time pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016) and more specifically alleging actual innocence as to the § 924(c) charge.  EDCA Case No. 1:18-CV-01084–SKO ("Petition").  Clark also again raises ineffective assistance of counsel.

### III.    ANALYSIS

As with his previous § 2241 petition, Clark does not meet the jurisdictional requirements, waived his right to collaterally attack his conviction and sentence in these circumstances, and presents otherwise meritless claims.  Accordingly, the Petition should be dismissed.

RESPONDENT'S MOTION TO DISMISS      4

A.     **This Court Does Not Have Jurisdiction**[3]

Clark challenges the legality of his sentence, which generally cannot be litigated under § 2241. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). "The one exception to the general rule is what we have called the 'escape hatch' of § 2255[, which] permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Id.* In order to meet the escape hatch—a "narrow" exception to the general rule that such challenges be brought under § 2255, *see Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003)— petitioner must meet two requirements:  first, he must make a claim of actual innocence, and second, he must establish that he had not had an "unobstructed procedural shot" at presenting that claim, *Stephens*, 464 F.3d at 898.  Clark bears the burden of proof for establishing the ineffectiveness of § 2255 (and therefore meet these escape hatch requirements).  *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).  Clark does not meet either requirement.

1.     Clark Is Not Actually Innocent

"'[A]ctual innocence' means factual innocence, not merely legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *accord Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Marrero*, 682 F.3d at 1192–93.  Clark's attempt to establish that he is actually innocent of Count Five falls short.

Clark now contends that the firearm forming the basis of Count Five was not possessed in furtherance of a drug trafficking offense because "the gun was turned over to the CI before the drugs." Petition at 31.  Clark reiterates previous claims that he did not "use", "carry" or "actively employ the

---

[3] This Court "must answer the threshold jurisdictional question whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." *Marrero v. Ives*, 682 F.3d 1190, 1194 (9th Cir. 2012).

firearm," the firearm transaction made the drug transaction more logistically difficult, and that his "actual possession of the firearm was for less than five seconds." *Id.* at 31-35. Clark notes that "at most Clark possessed the firearm in order to sell it to the CI…" *Id.* at 30.

Even if liberally construed, Clark's assertion that he sold the firearm prior to the drug sale, rather than "used" or "carried" it within the meaning of § 924(c), fails to meet the standard of actual innocence required for application of the escape hatch. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Clark does not cite any relevant Ninth Circuit precedent nor does he provide any meaningful analysis that suggests his sale of controlled substances and a firearm at the same time for money would somehow render § 924(c) inapplicable. Moreover, while mere receipt of a firearm in a drugs-for-firearms trade does not constitute "use" for purposes of § 924(c), *see Watson v. United States*, 552 U.S. 74, 83 (2007), by contrast, "a person who supplies a firearm in a drugs-for-firearms trade does indeed 'use' the firearm for the purposes of § 924(c)," *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (*citing Smith v. United* States, 508 U.S. 223, 228–229 (1993)).

Here, the factual basis in the plea agreement demonstrates that the firearm was an integral part of the drug transaction. ECF 98 at 2. By his signature, Clark agreed that the facts contained within the plea agreement were true and undisputed. *Id.* Even if the facts are as Clark asserts, he cannot and does not demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of the crime to which he pleaded guilty, *Bousley*, 523 U.S. at 623. Clark's actions clearly fit *Muth's* holding – by supplying the firearm, Clark certainly used it in furtherance of a drug trafficking offense. Although Clark cites a number of cases from outside the Ninth Circuit in his petition, he fails to clearly articulate how any stand for the proposition that his conduct is outside the scope of § 924(c), in light of *Muth's* holding (and reiterating "in light of all the evidence" standard and examining various parts of the record, including indictment, plea agreement, and colloquy in evaluating petitioner's factual assertion as to nature of underlying firearm transaction). 676 F.3d at 819–20. Clark simply does not meet the requisite standard for an actual innocence claim within the escape hatch.

        2.     <u>Unobstructed Procedural Shot</u>

Even if Clark could establish factual innocence, the Petition must independently be dismissed because he cannot satisfy the "unobstructed procedural shot" prong of the escape hatch. "In determining

whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." *Harrison v. Ollison,* 519 F.3d 952, 960 (9th Cir. 2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion'; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.*; *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Here, Clark argues that, the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016) renders his prior convictions ineligible for consideration under the career offender provisions of the Sentencing Guidelines. Petition at 16. Interwoven throughout this argument are Clark's actual innocence and ineffective assistance of counsel claims. Petition at 28, 37. Clark cannot demonstrate that he lacked an unobstructed procedural shot on any of these grounds.[4]

a. Nature of the Criminal Activity

The nature of the criminal activity for which Clark was charged and to which he pleaded guilty was known to him prior to the exhaustion of his first § 2255 motion. As noted above, Clark now asserts that he sold the shotgun immediately prior to the drugs but this factual assertion was available to him at the time of his conviction, let alone at the time of his first § 2255 motion. Moreover, any "legal basis" for his actual innocence claim—that the supposed sale of the shotgun renders *Watson* applicable to, and preclusive of, his conviction—arose in 2007, well before his conviction or first § 2255 exhaustion. *Watson*, 552 U.S. 74, 83 (2007). Similarly, the Ninth Circuit's holding in *Muth*, 676 F.3d at 819 also occurred well prior to his conviction and first § 2255. Clark points to no new authority that altered the law in this area in his favor.[5] In fact, Clark even repeatedly asserted in his first § 2255 motion that he was innocent of Count Five. ECF 113 at 15-18. Attachment 4. No colorable argument exists that this ground for relief was unavailable for him to raise during his first § 2255 motion.

---

[4] As the magistrate recognized in her decision recommending dismissal of Clark's previous § 2241 petition "Petitioner has had multiple opportunities to present his claim to the sentencing court. He has in fact filed three previous § 2255 motions." EDCA ECF at 4.

[5] Indeed, the case law in this area is not supportive of his theory of § 924(c)'s reach. *See Smith*, 508 U.S. at 236–37 (holding that "the phrase 'uses . . . a firearm' is broad enough in ordinary usage to cover use of a firearm as an item of barter or commerce . . . ."); *see also United States v. Mahan*, 586 F.3d 1185, 1188–89 (9th Cir. 2009) (holding that accepting gun in exchange for drugs violates the "in furtherance of" drug trafficking offense prong of § 924(c), and collecting cases).

RESPONDENT'S MOTION TO DISMISS         7

b.	Clark's Reliance on *Mathis* Is Misplaced

Clark argues at length under *Mathis v. United States*, 136 S.Ct. 2243 (2016) and other cases, that his two prior convictions for a crime of violence or a controlled substances offense do not qualify him as a career offender under the Sentencing Guidelines.  Petition at 16. Clark's reliance on *Mathis* is misplaced.

On June 23, 2016, the Supreme Court issued its decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).  In *Mathis*, the Supreme Court considered the imposition of a fifteen year 18 U.S.C. § 924(e) (ACCA) enhanced sentence for defendants convicted of being a felon in possession of a firearm.  In *Mathis*, the defendant had three prior convictions "for a violent felony," including "burglary, arson or extortion." *Id.*  The Supreme Court held that since the elements of Iowa's burglary law (which applied to "any building, structure [or] land, water, or air vehicle") were broader than elements in generic "burglary" (which required unlawful entry into a "building or other structure") such prior convictions under the Iowa burglary law did not support § 924(e) sentence enhancement.  In other words, in reviewing the § 924(e) enumerated offense sentence enhancement, the Supreme Court reiterated the longstanding rule that qualifying prior convictions must be based on a generic definition of the crime and that prior convictions based under an overbroad state offense definition may not provide a valid basis for the § 924(e) sentencing enhancement.  *Id.*

On the one hand, even though *Mathis* arose after Clark filed his first § 2255 motion in his court-of-conviction, Clark could arguably raise his *Mathis* claim in a successive § 2255 motion in his court-of-conviction. *Jones v. Langford,* 2017 WL 3575705 at *4 (The "general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective.") *citing Stephens*, 464 F.3d at 898.  *See also Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  Any such successive 2255 motion may not be filed in Petitioner's court-of-custody (under 2255(e)'s escape hatch) but rather as a matter of law, must be filed in Clark's court-of-conviction.  *Id*.  Following *Jones*, this procedural shot remains extant and unobstructed for Petitioner to test the legality of his sentence.  *Id.*

On the other hand, *Mathis* is not retroactive.  In this regard, Clark's claim is barred.  The Circuit Courts, including the Ninth Circuit, have uniformly held that *Mathis* is not a retroactive rule granting

further habeas review.  *See e.g. Arazola-Galea v. United States*, 876 F.3d 1957 (9th Cir. 2017); *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017); *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017).  In *Arazola-Galea*, the Ninth Circuit denied petitioner's claims holding "*Mathis* does not establish a new rule of constitutional law; rather it clarifies application of the categorical analysis to the Armed Career Criminal Act (ACCA)."  In doing so, the appellate court recognized that the Supreme Court in *Mathis* merely observed "longstanding principles.  *Id.* at 1259-60.  Similarly, the *Jones* court also recognized that Mathis may not be retroactively applied as a new rule of constitutional law.  *Jones*, 2017 WL 3575705 at *5.

Even if *Mathis* were retroactive, it would be inapplicable to Clark because he was not sentenced as an armed career criminal nor was he sentenced as a career offender.  Although Clark may have been classified as a career offender in the PSR, the terms of his plea agreement were expressly not conditioned upon that finding.  Revised PSR at 8; ECF 98.  Attachment 13 filed under Seal, 2.  Whether Clark's prior convictions suffice as the predicates for being a career offender under the remaining cases he cites are plainly irrelevant to this analysis.  Pursuant to his plea under Fed.R.Crim.P. 11(c)(1)(C), Clark received the following agreed-upon sentence:  82 months of imprisonment on count two (charging 21 U.S.C. § 841(a)(1) and (b)(1)), and 120 months of imprisonment on count five (charging 18 U.S.C. § 924(c)(1)(B)), to be served consecutively.  ECF 98 at 3; ECF 107 at 2.  Attachment 2.  His ten-year mandatory minimum sentence has nothing to do with the residual clause, ACCA or being a career offender.  Rather, the sentence is a statutory mandate that accompanies Clark's crime of conviction, without reference to previous felonies.  *See* 18 U.S.C. § 924(c)(1)(A), (B) ("[A]ny person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime . . . [i]f the firearm possessed . . . is a . . . short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon . . . be sentenced to a term of imprisonment of not less than 10 years.").  The consecutive nature of the sentence is similarly statutorily mandated.  *See Id*. § 924(c)(1)(D)(ii) (providing that "no term of imprisonment imposed on a person under this subsection shall run

concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed").

Neither *Mathis* nor any of the other case law cited by Clark provides a legal basis to challenge his sentence because he was not sentenced as a career offender. Clark's advisory guideline range had he been sentenced as a career offender would have been 151-188 months (Offense Level 29; Criminal History Category VI) with an additional 120 months to run based on his conviction for Count Five. See Revised PSR at 22. Attachment 13 filed under Seal. Under the career offender guidelines, the lowest sentence Clark could have received would have been 271 months (22.5 years). Clark clearly received the benefit of the bargain – he saved himself nearly 6 additional years of imprisonment. Moreover, Clark has not otherwise identified any other change in the law relevant to his ten-year mandatory minimum consecutive sentence as to that Count 5. Clark cannot demonstrate that he lacked an unobstructed procedural shot to presenting his current claim.

### 3. Ineffective Assistance of Counsel

Clark initially raised ineffective assistance of counsel in his first § 2255 motion, which was denied by the district court. ECF 117. Attachment 5. Clark again raises this issue in his current petition. Petition at 37. All of the issues Clark raises were known to him at the time he entered his guilty plea. He does not point to any intervening retroactive change in the law that would somehow allow him to raise this issue in the current petition. As with his other claims, Clark again cannot demonstrate that he lacked an unobstructed procedural shot to presenting this claim.

### B. **Clark Waived Collateral Review**

Even if somehow construed as an actual innocence claim for which he lacked an unobstructed procedural shot previously, Clark largely waived his right to collaterally attack his conviction or sentence. Under his plea agreement, he "knowingly and expressly waive[d] any and all rights to contest [his] conviction and sentence in any post-conviction proceedings . . . ." ECF 98 at 5. Attachment 2. The only exceptions to this waiver occur if (1) "the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime," or (2) he argues for relief based on ineffective assistance of counsel or prosecutorial misconduct

"if the grounds for such claim could not have been known by the defendant at the time [he] enter[ed] [his] guilty plea." *Id.* Neither circumstance occurred here. Clark's drug and firearm offenses are still federal criminal offenses under Supreme Court and Eighth Circuit case law. Clark does not seek relief based on ineffective assistance of counsel or prosecutorial misconduct on the basis that such claims "could not have been known by the defendant" at the time of his guilty plea. Such waivers, knowingly and voluntarily entered, *see* ECF No. 117 (order denying Clark's initial § 2255 discussing voluntary and knowing entry into plea and entry into plea agreement), are enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (discussing benefits of enforcing knowing and voluntary waivers of collateral appeal rights); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (enforcing collateral attack waiver). Attachment 6. Clark has waived his right to collaterally attack his conviction or sentence, and his petition should be dismissed.

## IV.   CONCLUSION

Clark's petition for habeas corpus should be dismissed because he fails to meet the jurisdictional requirements of 28 U.S.C. § 2241, otherwise waived his right to collaterally attack his sentence, and does not articulate a meritorious claim for relief, for the reasons set forth above.

Dated:  May 28, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ *HEIKO P. COPPOLA*
HEIKO P. COPPOLA
Assistant United States Attorney

McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON J. CLARK,<br><br>                     Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>                     Respondent. | CASE NO.  1:18-CV-01084-SKO (HC)<br><br>CERTIFICATE OF SERVICE |

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.  She also certifies that on May 28, 2019 a copy of the RESPONDENT'S MOTION TO DISMISS and ATTACHMENTS; REQUEST TO SEAL ATTACHMENT 13; NOTICE OF REQUEST and PROPOSED ORDER was served by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee(s)
**Arron J. Clark   25056-047**
ATWATER U.S. PENITENTIARY
P.O. BOX 019001
ATWATER, CA 95301-0910

                                                                    /s/ *C. Buxbaum*
                                                                    C. BUXBAUM

RESPONDENT'S MOTION TO DISMISS                           12