# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CLARK,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>    Respondent. | Case No.: 1:18-cv-01084-SKO (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. 17]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on August 13, 2018, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) On May 28, 2019, Respondent filed a motion to dismiss the petition. (Doc. 17.) For reasons that follow, the Court agrees with Respondent that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), and regardless, the

claims are plainly without merit.  Therefore, the Court will GRANT Respondent's motion to dismiss the petition.[1]

**BACKGROUND**

On September 30, 2013, Petitioner pled guilty in the United States District Court for the District of Nebraska to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B). (Doc. 17-1 at 30.) As part of the plea agreement, the government agreed to dismiss the remaining five counts. (Doc. 17-1 at 30.) Petitioner waived his right to contest his conviction and sentence in any post-conviction proceedings, except: 1) "The right to timely challenge the defendant's conviction and sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime," and (2) "The right to seek post[-]conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." (Doc. 17-1 at 26.)  On January 6, 2014, the Nebraska District Court accepted the plea agreement. (Doc. 17-1 at 30.) Pursuant to the plea agreement, Petitioner was sentenced to terms of 82 months and 120 months, to be served consecutively. (Doc. 17-1 at 31.)

On September 29, 2014, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. United States v. Clark, Case No. 8:12-cr-00243-LSC-TDT-1, Doc. 113. On October 24, 2014, the Nebraska District Court denied the motion on the merits. Clark, Doc. 117.

Petitioner then sought authorization from the Eighth Circuit Court of Appeals to file a successive habeas application. The Eighth Circuit denied his request on July 23, 2015. Clark, Docs. 121, 122.

On May 9, 2016, Petitioner filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Clark, Doc. 126.  Petitioner challenged his status as a career offender under Johnson v. United

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all purposes, including entry of final judgment. (Docs. 4, 8.)

States, 576 U.S. __, 135 S.Ct. 2551 (2015). Clark, Doc. 126. He claimed his "firearm was not in no [sic] way used in furtherance of the drug crime," the "law that [he] was sentenced under at the time of [his] sentencing has changed," and the "consecutive mandatory minimum sentence of 10 years would now be an absurd application of the law." Clark, Doc. 126. On June 3, 2016, the Nebraska District Court dismissed the motion as an unauthorized successive motion. Clark, Docs. 128, 129.

On June 29, 2016, Petitioner filed a third motion to vacate his sentence, again based on the holding in Johnson. Clark, Docs. 136, 137. On the same date, the Nebraska District Court issued General Order Number 2016-07 regarding petitions arising under Johnson, and granted Petitioner leave to file an amended motion under § 2255 within 30 days. Clark, Doc. 138. Petitioner did not file an amended motion. On November 4, 2016, the Eighth Circuit denied Petitioner's petition for authorization to file a successive habeas application. Clark, Docs. 141, 142, 143. On April 3, 2017, the Nebraska District Court summarily dismissed the motion to vacate as an unauthorized successive motion. Clark, Docs. 145, 146.

While Petitioner was pursuing § 2255 post-conviction relief, he also filed habeas petitions pursuant to 28 U.S.C. § 2241. On June 24, 2016, he filed a habeas petition in this Court in Clark v. Matevousian, Case no. 1:16-cv-00912-LJO-JLT. He again challenged his sentence based on Johnson. On March 27, 2017, the petition was dismissed because Petitioner failed to satisfy the savings clause in 28 U.S.C. § 2255 which would have permitted the Court to entertain his claims.

On August 13, 2018, Petitioner filed the instant habeas petition. Petitioner again claims his prior convictions do not qualify him as a career offender for purposes of the career offender enhancement in light of Mathis v. United States, 136 S.Ct. 2243 (2016). He also claims he is actually innocent of the § 924(c) charge. On May 28, 2019, Respondent filed a motion to dismiss the petition. (Doc. 17.) Respondent contends that Petitioner fails to meet the jurisdictional requirements, that he waived his right to collaterally attack his conviction and sentence in these circumstances, and that the claims are otherwise meritless. On August 29, 2019, Petitioner filed an opposition. (Doc. 25.)

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as a "savings clause" or "escape hatch." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (citing 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the District of Nebraska, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Nebraska District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but argues that the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a claim of actual innocence, nor does he demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id.

In this case, Petitioner claims he is actually innocent of Count 5, a violation of 18 U.S.C. § 924(c), for carrying a firearm in relation to a drug trafficking crime. He contends that he did not actively "use" or "carry" the firearm, that he "did not have the firearm to protect himself, his drugs, or drug proceeds," and that he "did not actively employ the firearm." (Doc. 1 at 29-30, 33.)

He claims he possessed the firearm for less than five seconds and that at most he "possessed the firearm in order to sell it to the CI." (Doc. 1 at 30, 34.) Petitioner's arguments are unavailing, because as Respondent points out, "a person who supplies a firearm in a drugs-for-firearms trade does indeed 'use' the firearm for purposes of § 924(c)." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). Thus, by supplying a firearm during a drug trafficking offense, Petitioner "used" or "carried" the firearm within the meaning of § 924(c). He fails to show actual innocence.

### B. Unobstructed Procedural Opportunity

Petitioner also fails to show that he has not had an unobstructed procedural opportunity to present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." Gibbs v. United States, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting Harrison, 519 F.3d at 960).

Petitioner has had multiple opportunities to present his claim to the sentencing court. The factual basis for his claim, that he sold his shotgun prior to the drug transaction, was known to him at the time of his conviction. The legal basis for his claim, that the purported sale of the shotgun renders Watson v. United States, 552 U.S. 74 (2007), applicable to him, arose in 2007, which was also before he filed his first § 2255 motion. Petitioner has not shown that he was precluded from presenting these claims in his prior § 2255 motions, and therefore, he has failed to demonstrate that he has not had an unobstructed procedural opportunity to present his claims.

### C. Reliance on Mathis

Petitioner also claims that his prior convictions do not qualify as prior convictions for purposes of the Armed Career Criminal Act ("ACCA") enhancement. His arguments are without merit.

The ACCA mandates a minimum sentence of 15 years of imprisonment for any defendant convicted of being a felon in possession of a firearm and who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Pursuant to § 924(e), any crime punishable by more than a year in prison is a violent felony if it falls within one of three categories. First, under what is sometimes referred to as the "elements clause," a violent felony includes any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The second category includes the "enumerated crimes" of "burglary, arson, or extortion," and those "involv[ing] [the] use of explosives." § 924(e)(2)(B)(ii). Finally, under what is commonly known as the "residual clause," a violent felony includes those crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." Id.

In Mathis v. United States, 136 S.Ct. 2243 (2016), the Supreme Court considered the second category of predicate offenses, specifically the enumerated offenses of burglary, arson, extortion, or those involving the use of explosives. Id., at 2248. The Supreme Court held that a prior conviction does not qualify as a predicate offense for purposes of the ACCA if an element of the crime of conviction is broader than an element of the generic offense of one of the enumerated offenses, when the crime of conviction sets forth various alternative factual means of satisfying a single element. Id., at 2257.

First, Petitioner fails to establish that he has not had an unobstructed procedural opportunity to present his claim. He has not attempted to present his claim by way of § 2255 to the sentencing court, nor has he sought authorization from the Eighth Circuit to present the claim in a successive § 2255 motion. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed a § 2255 motion as successive and court of appeals did not authorize a successive motion). Second, the Ninth Circuit and other circuit courts have uniformly held that Mathis is not a retroactive rule granting further habeas review. Arazola-Galea v. United States, 876 F.3d 1957 (9th Cir. 2017); Washington v. United States, 868 F.3d 64, 66 (2d Cir. 2017); In re Lott, 838 F.3d 522 (5th Cir. 2016); In re Conzelmann, 872 F.3d 375 (6th Cir. 2017); Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016); In re Hernandez, 857 F.3d 1162 (11th Cir.

2017). Third, Mathis is inapplicable to Petitioner's case. As noted by Respondent, Petitioner's sentence was based on his crimes of conviction and had nothing to do with the ACCA, residual clause or, being a career offender. See 18 U.S.C. § 924(c)(1)(A),(B).

### D. Waiver

Even if Petitioner satisfied the savings clause and the Court could entertain his petition, relief would be barred since Petitioner waived his right to collateral review in his plea bargain, and the two exceptions to his waiver do not apply. First, neither the Eighth Circuit nor the Supreme Court has determined that the charge to which Petitioner agreed to plead guilty is no longer a crime. His drug and firearm offenses are still federal crimes. Second, Petitioner is not raising claims of ineffective assistance of counsel or prosecutorial misconduct on the basis that such claims "could not [have been] known by the defendant" at the time of plea. (Doc. 17-1 at 26.) Therefore, he has waived his right to collateral review of his conviction. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (enforcing a waiver to collateral attack of conviction in § 2255 proceeding).

### E. Summary

Petitioner fails to state a claim of actual innocence and show he lacked an unobstructed procedural opportunity to present his claims. Thus, he fails to demonstrate that § 2255 is an inadequate or ineffective remedy. In addition, the claims are clearly without merit, and regardless, Petitioner waived his right to collateral review. The petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition requires a certificate of appealability. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

///
///
///
///
///
///
///

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **September 24, 2019**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE